## In the Common Pleas of Luzerne County.

## HACKLEY *v.* WALSH AND WIFE.

1.  There is no exception to the rule, that in actions real a defence which arises during the pendency of the suit may be pleaded in bar of the plaintiff's rights.
2.  Upon a trial in the common pleas in a proceeding which originated before two justices of the peace by a landlord to obtain possession of demised premises, it is competent for the defendant to set up as a defence that the title of the landlord had been divested during the term, and that he had the right from the owner, whose title had accrued pending the suit to remain in possession.

Opinion by CONYNGHAM, P. J.

The plaintiff purchased the land in question at sheriff's sale, as the property of Purdan Walsh, commenced his proceedings to obtain possession, which were removed into this court on the claim of his wife, finally recovered here, and is now entitled to ask the enforcement of his writ of possession, unless the rights of others have become involved.

It seems, however, that in 1862 a conditional recovery of the same land was had upon an ejectment in favor of W. Swetland, claiming to hold the legal title as security for the payment of the purchase money due on contract. This suit was recognized by Mr. Hackley, claiming to be interested as a purchaser, by his paying the first installment under the award, though he neglected the latter payments, and thereupon the court ordered an hab. fac. possessionem, to which the sheriff returned that he had given possession to Swetland, the then plaintiff. Subsequent to this time S. F. Brown became the purchaser of the property from Mr. Swetland, and claims now to be in his possession under him, by himself and tenants.

If he now is in possession under these legal proceedings, neither he nor his tenants can at this time be removed under the hab. fac. poss. against Walsh. The possession must be considered legally changed by proceedings in court, the vendor in the contract having regained his possession, and if Mr. Hackley can now have any claim to the land, he must bring his ejectment, and try his title with the purchaser from Mr. Swetland.

This will be the case, even though Walsh may still be in the actual possession, if, under the force of the execution in favor of Swetland, he attached to him and became his tenant. If he never did so, but is in possession under his original claim, he may now be dispossessed. We refer to the general principles upon which we make our present order to 2 T. & H. Prac., 289-90-1; Brownfield v. Bradee. 9 W., 149; Newell v. Gibbs, 1 W. & S., 496.

The rule, then, is made absolute so far as to restrain the execution of the writ against S. F. Brown and any of his tenants, even though Walsh may be one of them. It being claimed that he is, in fact, the tenant of Brown under the possession, through the recovery by Swetland. By the proceeding in that ejectment, recognized by Hackley, the possession of Walsh, over which he had any right, would, as to him, have been terminated, so that legally he might become the tenant of Swetland and Brown.

The rule is made absolute so far as above ordered.